McMillan *v.* Hobson.

JOHN MCMILLAN *& al., in Scire Facias, versus* JOSEPH
HOBSON *& al.*

Where a trustee, before the enactment of the provision in § 69, c. 86 of R.
S. of 1857, had been charged on his disclosure in the original suit, the Court
may permit or require him to disclose further, in a suit of *scire facias* against
him.

And, if the trustee be discharged on *scire facias,* he will not be liable to pay
costs, but will be entitled to costs, if he seasonably disclosed in the original
suit.

WRIT OF SCIRE FACIAS. The case, as made by the parties, shows that the original action of the plaintiffs against Andrew Hobson & als., as principals, and the present defendants, as trustees, was entered at the May term of Supreme Judicial Court in the year 1853; that, after the trustees had filed their disclosures, the plaintiffs presented allegations of facts which were not disclosed nor denied, and filed their proof in support of their allegations; that, upon a hearing before HOWARD, J., without the intervention of a jury, the trustees were charged. Judgment was rendered, a writ of execution was duly issued, and seasonable demand made upon the trustees.

The plaintiffs then sued out their writ of *scire facias,* and, at the return term of the Court, the defendants obtained leave to disclose further. To this ruling of GOODENOW, J., at *Nisi Prius,* the plaintiffs excepted. On a hearing, before the full Court, the ruling was sustained. The defendants afterwards filed additional disclosures. And the parties agreed to refer the case to the full Court.

The case was argued by

*Hammons,* for the plaintiffs, and by

*Eastman,* for the defendants.

GOODENOW, J. — In the original action by the plaintiffs against Andrew Hobson and these defendants, as trustees, they were adjudged to be chargeable. This is a *scire facias,*

in common form, requiring them "to show cause why judgment and execution should not be awarded against them and their own goods and estate, for the sum remaining due on the judgment against the principal defendant."

It is contended that the decision of the Judge at *Nisi Prius* is conclusive upon the parties, upon the question presented to him; and the case of *Fletcher & al.* v. *Clarke & trustee*, 29 Maine, 485, is relied upon as a conclusive authority to sustain the plaintiffs' position. That case determined that the adjudication of the District Court, *as to the facts*, in a trustee process, was conclusive. It was decided May term, 1849. In August, 1849, (c. 117,) the Legislature enacted that "in all cases under the trustee process, in the Supreme Judicial Court, where exceptions are taken to the ruling and decision of a single Judge, as to the liability of a party summoned as such, to be charged or not, as trustee of the principal defendant, the whole case, both as to fact and law, may be re-examined and determined by the full Court, when, in the opinion of the Court, justice shall require it."

And the same power was given when a disclosure of a trustee was made in the District Court, and the case transferred to the Supreme Judicial Court by exceptions. This Act does not appear to have been repealed, except by the repealing Act of 1857, when the new Revised Statutes were enacted. By § 72, c. 86, if the trustee had been examined in the original suit, the Court may permit or require him to be examined anew in the suit of *scire facias;* and he may thus prove any matter proper for his defence; and the Court may enter such judgment as law and justice require, upon the whole matter appearing on such examination and trial. This is identical with § 79, c. 119, R. S., 1840.

In *Bickford* v. *Boston & Lowell Railroad Corporation*, 21 Pick. 111, Mr. Justice WILDE says, "It is true that, when a trustee comes in on the original process, and submits to an examination, and prays to be discharged on his answers, the Court is bound to decide the question whether he is entitled to a discharge, or whether he appears to be trustee or not;

but the decision of the Court is an interlocutory decision, not definitively binding on the trustee, and consequently it may be omitted to be set forth in the *scire facias.*" It may be otherwise under our new R. S., § 69, c. 86, which requires the Court to fix the amount for which the trustee is chargeable on the original disclosure. § 79 provides that "in all cases, under the trustee process, in the Supreme Judicial Court, where exceptions are taken to the ruling and decision of a single Judge, as to the liability of the trustee to be charged, the whole case may be re-examined and determined by the law court, and remanded for further disclosures or other proceedings, as the Court thinks justice requires." This is more extensive, even, than the provision in the Act of 1849, before referred to. This action was commenced, as appears by the writ, February 26, 1852. It may not be material to determine whether the provisions of the Act of 1849, or those of the R. S. of 1857, should control the decision; as they are substantially the same, so far as they relate to this case. But in the case of *Bickford* v. *Boston & Lowell Railroad Corporation,* 19 Pick. 109, *it was held,* "in *scire facias,* pending at the time when the R. S. of Massachusetts took effect, that the proceedings might be conformed to and regulated by the provisions of those statutes, without affecting any vested right or invalidating any act done in the original suit, and therefore it was competent to the Court to allow the testator to answer anew.

We are of opinion that the whole matter, as to law and fact, as far as the papers disclose, is properly before us, for re-examination and determination; and that the defendants are not liable as trustees of the original defendants, but are entitled to be discharged; with costs, if they came in at the first term, or subsequently, as of the first term, by consent of plaintiffs.

TENNEY, C. J., and CUTTING, MAY, and DAVIS, J. J., concurred.